**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**JOHNNY PENA, Defendant**

Crim. No. 138-1974

District Court of the Virgin Islands

Div. of St. Croix

April 10, 1975

---

TRESTON MOORE, ESQ., Public Defender Office, Christiansted, St. Croix, V.I.

JAMES W. DIEHM, Assistant Attorney General, of counsel, Christiansted, St. Croix, V.I.

YOUNG, *District Judge*

### MEMORANDUM OPINION AND ORDER

Defendant, Johnny Pena, has been charged as a juvenile in the Municipal Court of the Virgin Islands with Assault

in the First Degree in violation of 14 V.I.C. § 295(3). On February 7, 1975, a hearing was held before the Honorable William F. Moorhead at which time the Court found that the defendant was sixteen years of age and charged with a crime of violence. Accordingly, the Court ordered that the case be transferred to the District Court of the Virgin Islands pursuant to 4 V.I.C. § 176. Defendant contends that a further hearing is required before his case may be transferred to the District Court. I conclude that no further hearing is required.

The Virgin Islands transfer statute, 4 V.I.C. § 176, provides:

> "If a child 16 years of age or older is charged with an offense which would be a crime if committed by a person 18 years of age or over, and if the offense is one in which violence was committed on another person, it [the Municipal Court] shall commit the child for proper criminal proceedings to the District Court; but no child under 16 years of age shall be so committed. In all other cases where such offense is not one involving violence to the person of another, commission of such child to the District Court shall be discretionary with the Municipal Court." (As amended.)

Defendant does not contend that the conclusions of the Municipal Court as to the age of the defendant and the nature of the offense charged were erroneous. This is all the statute requires. Unless the statute is unconstitutional, defendant's transfer was proper.

Defendant's first claim is that 4 V.I.C. § 176 constitutes a bill of attainder in violation of Article I, Section 9 of the Constitution of the United States. This argument is without merit. A bill of attainder is a legislative enactment imposing sanctions upon specified persons or the easily ascertainable member of a group. Cf. United States v. Brown, 318 U.S. 437, 450 (1965). This Constitutional provision is based upon the theory of separation of powers and limits legislatures to enacting rules of general applicability. The judiciary is allocated the function of

612

applying the rules to persons who commit the acts proscribed. Persons between ages 16 and 18 are not a sufficiently limited group that would make 4 V.I.C. § 176 a bill of attainder.

▪ Defendant's memorandum in support of his motion alludes to the equal protection clause of the Fourteenth Amendment to the United States Constitution. Defendant argues that he is being denied the equal protection of the law, but it is unclear which distinction that the law makes is being attacked, but I believe that it is within the legislature's province to determine by fiat that persons between ages 16 and 18, charged with crimes of violence, are not suitable subjects for rehabilitation within the juvenile justice system. See United States v. Bland, 472 F.2d 1329 (D.C. Cir. 1972), cert. denied 412 U.S. 909 (1973). On this basis, the distinction between those charged with crimes of violence against persons and those charged with other crimes is rationally related to the rehabilitative potential of the person.

▪ Defendant cites cases dealing with procedural due process in support of his motion. All the process that was due defendant was provided; there was a hearing in front of a judicial officer at which defendant and counsel were present on the question of defendant's age and the nature of the offense charged. Procedural due process is not implicated when the claim is that further issues should have been decided by the judge, that is a question of substantive due process, i.e., do persons between the ages of 16 and 18 have a Constitutional right to have a finding made on the issue of the possibility of rehabilitating them within the juvenile justice system prior to transferring them to the criminal justice system? The answer is no. Bland, supra; Cox v. United States, 473 F.2d 334 (4th Cir. 1973).

The development of the law on transfer of juveniles to criminal courts is very similar in the Virgin Islands and in

the District of Columbia. In both jurisdictions, the juvenile judge was to make a full investigation prior to transferring the juvenile to the criminal courts. In the case of Kent v. United States, 383 U.S. 541 (1966), the Supreme Court construed the language of the District of Columbia statute to require a fair hearing focusing mainly on the question of whether or not the juvenile is a fit subject for rehabilitation in the juvenile justice system. A similar case arose in the Virgin Islands with the same result. Government of the Virgin Islands v. Santana, 9 V.I. 154 (D.V.I. 1972). In both jurisdictions the law has since been changed to eliminate the discretion which had been vested in the juvenile judge and limiting the judge to finding the age of the person charged and the nature of the offense charged. 16 D.C. Code 2301(3) (A); 4 V.I.C. § 176. The District of Columbia statute was upheld in Bland, supra. There are two distinctions between the Virgin Islands statute and the D.C. statute. The Virgin Islands statute speaks of charges of "violence committed on another person", whereas the D.C. statute lists specific crimes, and the D.C. statute excepts persons to whom § 2301(3)(A) is applicable, from the definition of child, whereas the Virgin Islands does not make an exception to the definition of child for those who fit the standards of 4 V.I.C. § 176. I find neither distinction to be of significance to this motion. The distinction between saying that a person of a certain age is a child but shall be proceeded against as an adult if charged with a crime of violence and saying that a person of the same certain age is a child unless charged with a crime of violence in which case the person is an adult is a distinction without a difference.

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is hereby

ORDERED that Defendant Johnny Pena's Motion to Dismiss the Information be DENIED.