JAMES BLYDEN d/b/a THE WORKS, Plaintiff

v.

SUGAR ESTATES ASSOCIATES

Limited Partnership and HENRY U. WHEATLEY, Defendants

Civil No. 654-77

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

December 7, 1977

IVER A. STRIDIRON, ESQ. (STRIDIRON & WILLIAMS), St. Thomas, V.I., *for plaintiff*

RICHARD E. GRUNERT, ESQ. (GRUNERT, STOUT, HYMES & MAYER), St. Thomas, V.I., *for defendants*

FEUERZEIG, *Judge*

### MEMORANDUM OPINION AND ORDER

The right of a landlord to utilize self-help in regaining possession of his premises from a defaulting tenant is brought squarely at issue in the instant action.

### FACTS

On March 11, 1973, the plaintiff James Blyden entered into a lease agreement with Sugar Estates Associates, a Virgin Islands Limited Partnership. The lease was for a ten

(10) year term and gave Mr. Blyden the right to operate a men's clothing store at Unit No. 8 in the Wheatley Shopping Center, commonly known as "The Works." The store was to be used for no other purpose without the advance written consent of the landlord. Rent was payable on or about the first day of each calendar month during the term of the lease. From June 1, 1974, until October 1, 1975, the tenant paid each month's rent more or less promptly, always by the 15th of the month. Subsequently, Mr. Blyden began experiencing difficulties in making timely payments. One check dated December 29, 1975, for rent due on December 1, 1975, and January 1, 1976, was returned because of insufficient funds. As a result, a new check dated January 2, 1976, was issued and deposited on January 26, 1976, when funds became available. Another check was tendered on March 7, 1977, for the February 1, 1977, rent; it also was returned for insufficient funds. The tenant conceded that for the last seven to nine months, as business deteriorated, he began encountering difficulty in meeting his rent payments and, as a result, was tardy on a number of occasions. Eventually, though, he always paid it.

Recognizing the difficulty in meeting his payments, the tenant undertook discussions with the defendant's president, Henry U. Wheatley, concerning utilization of the premises for the sale of records as well as men's clothing. In fact, by letter dated September 22, 1977, Mr. Blyden requested permission to go ahead with plans to utilize the premises for the sale of records.[1] Mr. Wheatley did not object to the utilization of the premises for the sale of records, but advised Mr. Blyden that he would not amend the lease agreement until Mr. Blyden met all of his obligations under the lease, including September's rent, all water bills and the increase in real property tax.[2]

---

[1] Defendant's Exhibit A.

[2] Plaintiff's Exhibit 4, letter dated September 27, 1977, from Mr. Wheatley to Mr. Blyden.

At this time the tenant was in arrears in his monthly rental payments. In fact, no payments for September's rent were made during that month, and it wasn't until October that a partial payment was made. As a result, on October 5, 1977, the landlord sent the tenant two letters, one of which invoked paragraph 2 of the lease agreement,[3] stating that the lease was terminated and that it was the landlord's intention to re-enter and repossess the premises on Monday, October 10, 1977.[4]

The second letter dated October 5, 1977, called attention to the exchange of correspondence regarding the sale of records, and specifically demanded that Mr. Blyden immediately cease all sales of records and related equipment and of any items not related to the operation of a men's clothing store.[5]

The tenant, for reasons not relevant here, left the island. Subsequently, on October 10, 1977, final payment for the September rent not having been received, the landlord proceeded to place locks and chains on the door to "The Works," thereby preventing the tenant from continuing with his business. Immediately thereafter, on October 11, 1977, plaintiff's mother tendered the outstanding September rent plus payment for the outstanding tax and utility bills, which tender was accepted. On October 12, 1977, full

---

[3] Plaintiff's Exhibit 1.

[4] Specifically, Mr. Wheatley stated in plaintiff's Exhibit 2, that he was terminating the lease because:

1. You have made only partial payment of rent for the month of September. The amount due at this time is $360.75;

2. You have failed to pay the assessment of increased real property tax as required by the lease in paragraph 8 of your lease. The amount due is $73.35.

3. You have failed to pay amounts due for consumption of water supplied to your store. The amount due is $20.26 up to a July 12, 1977 reading.

4. . . . You have further infringed on the landlord tenant relationship. . . by converting a part of the premises to the sale of records without the written consent of the landlord. In addition, rent for the month of October was due and payable on October 1, 1977.

[5] Plaintiff's Exhibit 3.

rent due for the month of October was tendered. The tender was at first accepted by the defendant but later refused by defendant's counsel. At no time were the locks removed.

As a result, Mr. Blyden instituted an action for a temporary restraining order, a preliminary injunction and a permanent injunction. The request for a temporary restraining order came on for hearing at 8:30 a.m., on Tuesday, October 18, 1977, at which time the court granted the relief prayed for. By consent of the parties, the matter was set down for a hearing on the merits at 1:30 p.m. on Thursday, October 20, 1977, from which the above facts are found.

THE LAW

At trial plaintiff took the position that pursuant to 28 V.I.C. § 292(a) the tenant had a right to regain possession of the premises because of his willingness to pay the rent. Title 28 V.I.C. § 292(a) provides:

> When in case of a lease of real property and the failure of the tenant to pay rent, the landlord has a subsisting right to reenter for such a failure, and may bring action to recover the possession of such property, and such action is equivalent to a demand of the rent and a reentry upon the property.
>
> If at any time before judgment in such action the lessee or his successor in interest as to the whole or a part of the property pays to the plaintiff or brings into the court the amount of rent then in arrears, with interest, and the costs of the action, and performs the other covenants or agreements on the part of the lessee, he shall be entitled to continue in the possession according to the terms of the lease.[6]

---

[6] Subsection (b) provides that the provisions of this section are suspended during the effective period of Subchapter III of Chapter 31 of this title, relating to rent control, and that § 292 shall take effect upon the termination of such subchapter as provided in § 846 of this title. Section 846 specifically provides that the rent control subchapter shall remain in force and effect only for the duration of the public emergency with respect to the shortage of housing and business accommodations declared to exist by Ordinance of the Municipal Council of St. Thomas and St. John, approved December 5, 1947. The section further provides that upon declaration by resolution or act of the Legislature that such emergency has ceased to exist, the provisions of the rent control law shall have no further

The tenant took the position that this right to tender the rent and continue in possession prior to judgment could not be abrogated by the landlord's election to bypass the judicial process and repossess the premises by self-help. The landlord, however, urged a narrow reading of § 292(a) and took the position that the right of a tenant to tender back rent was only available where a landlord had elected to sue for recovery of possession of the property. The defendant justified his actions by reliance on paragraph 22 of the lease, which in pertinent part provides:

> If any monthly rental installment payable under this lease is in arrears for ten (10) days after it becomes due under the terms of this lease (without notice or demand) or if any additional rent or other charge payable under this lease is in arrears for ten days after demand therefor, or if any of the tenant's other obligations under this lease is in default for ten days after written notice of such default to Tenant, Landlord shall have the option to declare Tenant's rights under this lease terminated and to *re-enter and repossess the leased premises with or without resort to legal proceedings. . . .* (Emphasis added.)

The landlord thus contended that he had every right to take possession of the premises without resort to legal process and to exercise self-help by padlocking the door. The court rejects these contentions.

Although prior to the adoption and promulgation on May 21, 1976, and the publication in 1977 of the Restatement (Second) of Property there may have been some basis for the landlord's position, since the adoption of

application. Consequently, the question was raised at trial as to whether § 292(a) was applicable since no legislative declaration had been made pursuant to § 846. This court holds, however, that Kress, Dunlap & Lane v. Dowling, 4 V.I. 261, 193 F.Supp. 874 (D.V.I. 1961), is controlling. In Kress, Dunlap, Circuit Judge Albert Maris, sitting as a District Court Judge, held that the rent control provisions "no longer can have any application to housing accommodations which rent for more than $175 per month or to business accommodations." Since the property involved in the case sub judice is a business accommodation it is not covered by the rent control law. The court thus concludes that § 292(a) is applicable to the present action.

232

the Restatement (Second) of Property the law in the Virgin Islands now is to the effect that:

(1) If the controlling law gives a landlord, or an incoming tenant, a speedy judicial remedy for the recovery of possession of leased property from a tenant improperly holding over after the termination of the lease, neither the landlord, nor the incoming tenant, may resort to self-help to recover possession of the leased property from such tenant, unless the controlling law preserves the right of self-help.

(2) If the controlling law does not preserve the right of self-help an agreement that the landlord may resort to self-help is against public policy and void.

Restatement (Second) of Property § 14.2 (1977); Title 1 V.I.C. § 4.

The questions thus presented to the court are whether the controlling local[7] law gives the landlord a speedy judicial remedy for the recovery of leased property from a tenant improperly holding over and whether controlling local law preserves the right of self-help.

There is no dispute that controlling local law provides a speedy judicial remedy for the recovery of possession of leased property. Virgin Islands Forcible Entry and Detainer Statute, 28 V.I.C. §§ 781–794. In fact, the statutory note to section 14.1 of the Restatement (Second) of Property lists this statute as one of those which "provide a relatively quick remedy for recovering possession from the tenant improperly holding over." Statutory note 7 at 5. This remedy becomes available to the landlord immediately upon the filing of a complaint.

---

[7] The court adds "local" after controlling based upon Comment d to § 14.2 in which the word "local" is utilized as follows:

    d. *Denial of self-help where local law denies to one or the other of the landlord and incoming tenant a speedy judicial remedy.* The controlling local law may deny either the landlord, or the incoming tenant, a right to the local speedy judicial remedy for the recovery of possession, while allowing it to the other. The rule of this section denies all right of self-help so long as either party has access to such a remedy.

233

Upon the filing of the complaint, a summons shall be served and returned within three days, requiring the defendant to appear within three days after service thereof, and show cause why a judgment of dispossession should not be entered against him. In the event of the failure of the defendant to appear and show cause, judgment shall be rendered against him by default. 28 V.I.C. § 785.

The only remaining issue is whether the right of self-help is preserved in the Virgin Islands. The defendant-landlord relies on 28 V.I.C. §§ 781 and 292(a). This court, however, is of the firm belief that neither of those sections preserves the right to self-help. Section 781 provides:

No person should enter upon any land, tenement or other real property, but in cases where entry is given by law; and in such cases the entry shall not be made with force, but only in a peaceful manner.

The court does not believe that § 781 can be read to preserve the right to use self-help. The court further believes that the use of the word "law" in § 781 means law codified by statute or, pursuant to 1 V.I.C. § 4, a specific provision in the Restatement. The language "in cases where entry is given by law" is not a grant of power, but requires reference to a specific statute. Defendant, then, contends that the Restatement of Contracts gives parties the right to freely contract and, therefore, the right to contract away certain rights. Consequently, he argues that § 22 of the lease agreement between the parties is enforceable. The provision of the Restatement of Contracts, assuming arguendo sufficient specificity, would under general rules of statutory construction, have to yield to the later enactment of the Restatement (Second) of Property.[8] 2A Sutherland, Statutory Construction §§ 51.02 and 51.03, at 290, 300 (4th ed. 1973).

---

[8] The defendant also argues that applying § 14.2 of the Restatement (Second) of Property results in an unconstitutional impairment of contract. The court, however, finds this argument without merit.

234

Finally the defendant turns again to § 292(a) quoted above as a basis for the right to self-help. He contends that by its very language that section recognizes that "the landlord has a subsisting right to reenter for" failure of the tenant to pay rent. This position has some merit and, were the phrase standing alone, the court would be inclined to agree. The court does not believe, however, that it can view that single phrase in a vacuum, but must consider the section and chapter of which it is a part and the intent of the legislature.

Section 292(a) is found in Chapter 13 of the Virgin Islands Code entitled "Actions to Recover Possession of Real Property." A reading of the entire chapter makes clear that the thrust of Chapter 13 is to provide landlords with a judicial forum for seeking relief. Nowhere in the chapter, or elsewhere in the Code so far as this court can determine, is the right to self-help specifically preserved. Section 281 states that a person with a legal estate in property and entitled to present possession may recover the same as well as damages for withholding by an "action". It is abundantly clear that this means legal action. Section 293 states with particularity what plaintiff's complaint shall allege and section 284 what the defendant's answer shall include. Section 285 explains what the verdict shall find, and § 286 provides a statute of limitations with respect to damages. It is in this context that the language of § 292(a) dealing with the landlord's subsisting right to re-enter appears. The first paragraph of that section provides that, for failure of the tenant to pay rent, the landlord "may bring action to recover the possession of such property, and such is equivalent to . . . a re-entry upon the property." Beyond merely reiterating the right to take legal action conferred by § 281 it is clear that the purpose of this section is to treat whatever "subsisting" right of re-entry the landlord may have or have had as being equivalent to the right

235

to bring legal action. The section by its own terms does not purport to grant the right of re-entry. The court looks in vain for other sections of our law that do.

Thus, pursuant to § 14.2 of the Restatement (Second) of Property, the use of self-help by the landlord is prohibited in the Virgin Islands and the lease provision to the contrary is void as against public policy. Consequently, plaintiff is entitled to injunctive relief against the use of self-help and the unlawful taking of the premises by the defendant.[9]

Moreover, no harm comes to the defendant in any case, for even if the court were to read § 292 as urged by the defendant, it would still have to hold as it does. The second

---

[9] The court's decision is not entirely unprecedented. The court notes that the decision in Robert L. Merwin & Co., Inc. v. Strong, 7 V.I. 282 (D.V.I. 1969), aff'd, 7 V.I. 567, 429 F.2d 50 (3d Cir. 1970), provides some authority for this court's holding. In that case plaintiff-lessor Merwin forcibly took possession of a warehouse leased to defendant Cargo Services by breaking a lock which the defendant has placed thereon and entering the building while it was vacant. The Municipal Court found that Cargo Services had had a "valid subsisting lease of the warehouse" on the date of the entry, and awarded judgment for the defendant on its counterclaim for possession, punitive damages and an injunction. The district court affirmed the lower court's decision, stating in part that

I agree with the Municipal Court that Cargo Services, by virtue of the March 1, 1968 lease agreement had a valid subsisting lease of the warehouse . . . and that the action of Merwin Co. amounted to forcible entry and detainer. . . .

. . . The possession of the plaintiffs, *since it was gained forcibly,* was unlawful, and the defendant, Cargo Services, was entitled to maintain its counterclaim to recover possession, 28 V.I.C. § 782, and for damages for the trespass involved. 22 Am.Jur. Forcible Entry & Detainer § 11. (Emphasis added.)

7 V.I. at 285–86. The Third Circuit, after quoting extensively from the district court's opinion, said

The quoted statement of facts is accurate and we agree with and adopt the district court's legal analysis and conclusion.

There remains the question of damages . . . Since the record shows an entry that was both unjustifiable and forcible, though at a time when the building was vacant, we cannot find any abuse of discretion in this small punitive award.

The language of the district court's opinion that "the possession of the plaintiff, since it was gained forcibly, was unlawful." suggests to this court that the entry was *per se* unlawful because it was accomplished by forcible means. This is to be distinguished from the landlord's wrongful detainer. The Third Circuit arguably concurred in this reasoning because it condemned the plaintiff's entry as both "unjustifiable" (that is, in violation of the tenant's rights to possession under the lease) and "forcible" (presumably an offense apart from an unjustifiable entry) and affirmed an award of punitive damages on the basis of both.

paragraph of that section entitles the lessee to continue in possession of the premises if, at any time before judgment, he pays the plaintiff or brings into court the arrears, with interest and the costs of the action. Here plaintiff tendered the arrears for September on October 11, 1977, one day after the landlord exercised the self-help measures. The following day plaintiff tendered October rent. If legal action is instituted by the filing of a formal complaint and the exercise of self-help by the defendant on October 10 was equivalent to such action, then under no set of facts could judgment have been rendered for the defendant prior to October 12. Accordingly, the plaintiff had the right to make payment of the arrears and continue in possession of the premises.

One final word is in order so that landlords do not feel that they are being put in the position of having to constantly incur expenses to evict frequently recalcitrant tenants. As pointed out, § 292(a) provides for a landlord instituting legal action. This court must say that it will look with disfavor upon a tenant who repeatedly defaults in his rent only for the purpose of gaining time thereby forcing his landlord to institute a suit and who then, at the last moment, comes into court with the arrearage to retain possession. This court will construe § 292(a) strictly. Thus any tenant who is repeatedly brought before the court for nonpayment of rent should expect that as a precondition for continuing in possession of the premises, pursuant to the second paragraph of § 292(a), he will have to bring "into the court the amount of rent then in arrears, with interest, and the costs of the action and perform . . . the other covenants or agreements" of the lease. In this regard, all should be put on notice that costs in the Virgin Islands include attorney's fees, 5 V.I.C. § 541, and that under the circumstances as described the court will feel compelled absent exigent circumstances to literally construe the

237

authority to award attorney's fees to the prevailing party "in its discretion . . . by way of indemnity." 5 V.I.C. § 541(b).

## ORDER

ORDERED, ADJUDGED AND DECREED that the defendant Sugar Estates Associates and Henry U. Wheatley be and the same hereby are enjoined to remove the locks and any and all other barriers placed by them or caused to be placed by them on unit number 8, "The Works" at the Wheatley Shopping Center and to desist from any such action in the absence of a court order permitting the same.