ST. THOMAS HOUSE, INC. d/b/a Plantation Manor, Plaintiff

v.

JANICE BARROWS, Defendant

Civil No. 327/1978

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

January 10, 1979

ROGER L. CAMPBELL, ESQ., St. Thomas, V.I., *for plaintiff*

GEORGE ETHRIDGE, ESQ., Legal Services of the Virgin Islands, St. Thomas, V.I., *for defendant*

PETERSEN, *Judge*

## MEMORANDUM OPINION

On August 3, 1977, defendant-counterclaimant, Janice Barrows entered into a lease agreement with St. Thomas House, Inc., d/b/a Plantation Manor (hereinafter Plantation Manor) to rent a furnished efficiency apartment for a period of approximately 13 months, more specifically, from August 3, 1977, until the end of August 1978. The agreed upon yearly rental rate was $2,712.00 to be paid monthly, in advance, in increments of $226.00 per month. Upon moving in, Barrows was obligated to pay, in addition to the advance of the first month's rent, a security deposit in the amount of $226.00. Barrows paid this initial sum of $452.00 by a check which was later returned to Plantation Manor by the bank as it was drawn on a closed account. It is clear from the evidence before the court that the landlord-tenant relationship between the plaintiff Plantation Manor and the defendant began on shaky ground and proceeded to deteriorate. During the first six months that the defendant lived at Plantation Manor she evinced substantial difficulty in meeting her financial obligations under the lease. The record indicates that her rental payments during this period were erratic, tardy, or skipped entirely, and on more than one occasion, paid by a worthless check. By January of 1978, the defendant was three months in arrears of her rent. At this point, however, Barrows began to make more or less regular payments of $226.00 per month and continued to do so through June of 1978 when she vacated the premises.

However, she failed to eradicate or even diminish her original indebtedness to the landlord for the three past due monthly rents. Tenant Barrows was sent a Notice to Quit by the landlord dated February 7, 1978, which stated that her lease would terminate as of March 9, 1978, for failure to pay rent and further indicated that unless she vacated by that date, an eviction action would be brought.

Such action was commenced by Plantation Manor in May of 1978.

In its complaint filed May 22, 1978, Plantation Manor prayed for possession of the premises and the past due rent of $678.00. The court scheduled the claim for immediate hearing on June 6, 1978. However, the hearing could not proceed as scheduled because service of process could not be perfected upon Ms. Barrows within the acceptable time. On June 6, pursuant to a provision in the lease, the landlord through its managing agents, Tom and Barbara Johnson, gave written notice to tenant Barrows of their intention in three days time to enter her apartment and repossess it, and to seize her property to secure payment of the debt. On the morning of June 9, the defendant made a payment of $226.00. Later that same day agents of the landlord entered and changed the locks on the defendant's apartment. Despite this attempted eviction, Barrows remained in possession of the premises.

A hearing was held before this court on June 27, at which time Barrows surrendered possession and presented a counterclaim in tort alleging that agents of the landlord wrongfully resorted to self-help in an attempt to forcibly evict her. The court allowed presentation of the tenant's counterclaim over the objection of the plaintiff.

Trial of this action took place July 12, 1978. Subsequently both sides submitted post-trial briefs. Plantation Manor, in its memorandum, requested payment not only for the originally claimed $678.00, but additionally, for the entire balance due under the unexpired term of the lease. Plantation Manor further requested $106.45 for assessed, inventoried damage to the vacated apartment. Barrows' memorandum admitted the $678.00 obligation and the $106.45 for cleaning and restoration of the premises, but asserted nonliability for June rent, claiming a right to a "set-off" against her principal debt for the equivalent of that month's

rental payment as well as for a $226.00 security deposit initially paid to the landlord. On the tort claim Barrows requested damages for the loss of a shirt and necklace in an unspecified amount, $500.00 for mental distress and $1,000.00 in punitive damages.

The landlord claims that tenant Barrows is indebted to Plantation Manor in the amount of $678.00 for three months' unpaid rent at $226.00 per month. This arrearage and the landlord's claim for $106.45 for repair, cleaning and restoration of the premises are conceded by the tenant and accordingly, will be allowed by the court.

■ In its post-trial memorandum, plaintiff asserted the right to an additional amount of money, representing the balance due under the two-month unexpired[1] term of the lease, without further specifying the basis for that claim. The court cannot entertain the landlord's claim on a theory of rent for the period during which Barrows was not in possession of the apartment. Rent is paid for the use and possession of property. Restatement (Second) of Property § 12-1, comments k & g. Defendant enjoyed neither benefit during the two-month unexpired term of the lease. If this additional claim is actually based in damages, the landlord has failed to calculate them in accordance with provision 21(d)2 of the lease and has otherwise failed to put evidence of mitigation before the court. Kilbride v. Wilson, 8 V.I. 129 (Mun. Ct. V.I. 1970). Accordingly, on the evidence before it, the court can consider Plantation Manor's debt claim only as to the $678.00 originally pleaded.

■ Tenant Barrows has denied liability for June 1978 rent on the basis of the harrassment involved with her occupancy during this period. Barrows was in possession of

---

[1] Tenant surrendered possession of the premises on June 27, 1978, and the lease would have expired by its own terms at the end of August 1978. Thus, the $1,130.00 figure claimed on page 6 of Plantation Manor's memorandum represents plaintiff's request for payment equivalent to 2 months rent at $226.00 per month in addition to the $678.00 originally claimed.

439

the premises as a hold over[2] tenant until June 27. A tenant holding over is liable during the time he remains in possession for all the responsibilities of a tenant, including the obligation to compensate the landlord for use and possession of the premises. The Restatement (Second) of Property § 14.5 (1977), in pertinent part, states that a landlord ". . . is entitled to recover from a tenant improperly holding over after the termination of the lease for the use and occupation of the leased property during the hold over period at a rate based on the previous rental rate. . . ." The court will not apportion Barrows' liability on a daily basis, and accordingly finds the tenant obligated to the landlord in the amount of $226.00 for holding over in the month of June.

Consistent with the provisions of the lease[3] captioned "Security Deposit" the court directs that tenant's $226.00 security deposit retained by the landlord ". . . be applied by the lessor against actual loss, damage or injury chargeable to the lessee hereunder . . ." which was in this case conceded to be $106.45. The remaining $119.55 is refundable to the tenant. On the basis of the foregoing, the court finds that tenant Barrows is indebted to Plantation Manor in the amount of $678.00 and further finds that Plantation Manor is obligated to return $119.55 of the security deposit to tenant Barrows.

On June 9, 1978, agents of the landlord entered the apartment of tenant Barrows and changed the locks thereto in an attempt to effect eviction and regain possession of the premises. On the basis of the landlord's action, in resorting

---

[2] "A tenant remaining on the premises after his lease is validly terminated for the nonpayment of rent becomes a hold over tenant." Restatement (Second) of Property § 12.1 (1977), at 398.

[3] This provision and all the other 70-odd paragraphs and provisions comprising the 10-page Plantation Manor standard form lease warrant careful scrutiny by the court and will be strictly construed against the maker, Plantation Manor. Seabrook v. Commuter Housing Co., 338 N.Y.S.2d 67 (N.Y. Civ. Ct. 1972) and see Restatement (Second) of Property § 5.6, comments d & e.

to the use of self-help, Barrows claims a right to relief in tort.

The Restatement (Second) of Property § 14.2(1), made applicable in the Virgin Islands by 1 V.I.C. § 4, takes the following position with respect to the self-help doctrine:

(1) If the controlling law gives a landlord, or an incoming tenant, a speedy judicial remedy for the recovery of possession of leased property from a tenant improperly holding over after the termination of the lease, neither the landlord, nor the incoming tenant, may resort to self-help to recover possession of the leased property from such tenant, unless the controlling law preserves the right of self-help.

The court in Blyden v. Sugar Estates Associates,[4] 14 V.I. 227 (Terr. Ct. 1977), determined that the Virgin Islands Forcible Entry and Detainer Statute, 28 V.I.C. §§ 781–794, provides a speedy judicial remedy for recovery of leased premises within the meaning of the Restatement provision and further noted that in the codified law of the Virgin Islands the right to self-help was nowhere preserved. In conclusion, the Blyden court held that "the use of self-help by the landlord is prohibited in the Virgin Islands" and that any "lease provision to the contrary is void as against public policy." Accord,: Jordan v. Talbot, 361 P.2d 20 (Cal. 1961).

Therefore, notwithstanding provisions in the lease to the contrary, the court finds that Plantation Manor was not justified in resorting to self-help in attempting to evict tenant Barrows. Moreover, the fact that the speedy judicial remedy in this case was not as speedy as the landlord would have it, due to the marshal's inability to effect service of process on defendant Barrows, likewise provides no justification for the landlord's action.

---

[4] This recent Virgin Islands case provides a thorough analysis of the status of the self-help doctrine under Virgin Islands law.

■ The court finds the decision in Blyden, to state the controlling applicable law and to be dispositive of the issue presented in the tenant's counterclaim. In this jurisdiction, as well as others, see Daluiso v. Boone, 455 P.2d 811 (Cal. 1969); Lambert v. Sine, 256 P.2d 241 (Utah 1953); Nelson v. Swanson, 31 P.2d 521 (Wash. 1934); it is a tort for the landlord to use self-help to obtain possession of leased property from a tenant improperly holding over. Restatement (Second) of Property § 14.2 (1977) comment e.

The Restatement provides that where there has been a wrongful resort to self-help by a landlord against a tenant who is improperly holding over, the tenant is entitled to recover *at least* nominal damages against the wrongdoer for the entry, and compensatory damages for any loss to his person or property. Restatement (Second) of Property § 14-2 (1977) comment e.

■ However, to recover compensatory damages, the fact of damage as well as the amount of damage must be proven with reasonable certainty. The trier of fact is not at liberty to speculate, but must be able to find some basis in the evidence for fixing the award. Munson v. Duval, 11 V.I. 614 (D.C.V.I. 1965); Medigroup, Inc. v. Scheldknecht, 463 F.2d 525 (7 Cir. 1972). Travelers Indem. Co. v. Peacock Const. Co., 423 F.2d 1153 (5 Cir. 1970). The court must conclude from the evidence before it that Barrows failed to establish the fact and amount of damage with sufficient certainty to support recovery on the claim for loss of a shirt and necklace as well as on the claim relating to mental anguish. Tenant's claim for compensatory damages will, therefore, be denied.

■ An award of nominal damages, however, is not predicated on such strict standards of proof. Offenberg v. Hafley, 547 S.W.2d 929 (Mo. App. 1970); Doyle v. McBee, 420 P.2d 247 (Colo. 1966). Nominal damages are presumed

to follow from the violation of any valuable legal right even if no actual damages are involved or proven. Tatum v. Morton, 386 F.Supp. 1308 (D.C. D.C. 1974); Weider v. Hoffman, 238 F.Supp. 437 (D. Pa. 1965).

The Restatement of Torts § 907 (1939) provides that:

"'Nominal damages' are a trivial sum of money awarded to a litigant who has established a cause of action but has not established that he is entitled to compensatory damages."

In keeping with this provision and in recognition of the fact that tenant Barrows has established a cause of action in tort, the court will award nominal damages to counterclaimant Barrows in the amount of $25.00.

The court's final consideration hereunder concerns the award of punitive damages. Once it is established that a tort has been committed, punitive damages are appropriate if the tortfeasor's conduct is outrageous, according to the Restatement of Torts § 908 (1939); or done with a bad motive or with a reckless indifference to the interests of others. Id., comment b. Under this test, it is not essential to the recovery of punitive damages that plaintiff suffered harm, either physical or pecuniary. Id., comment c.

Moreover, in assessing punitive damages against a wrongdoer, it is not essential that his action be motivated by a culpable mental state. Courts do award punitive damages in cases such as this, where the tortfeasor believed he was acting correctly, while in fact he was committing a legal wrong at the time. Sweany v. United Loan & Finance Co., 468 P.2d 124 (Kan. 1970). This is true even where the conduct involved amounted to no more than "zeal to recover what the actor thought was his company's property." Sweany, supra, at 131.

Punitive damages are not awarded solely as a way of punishing a wrongdoer. Often such awards serve a legit-

imate public interest by helping to deter similar conduct in the future. Herman v. Hess Oil Virgin Islands Corp., 10 V.I. 521 (D.V.I. 1974) ; aff'd, 12 V.I. 240 (3d Cir. 1975) ; Morris v. Board of Ed. of Laural School Dist., 401 F.Supp. 188 (D.C. Del. 1975).

In view of the fact that there is precedence in this jurisdiction for award of punitive damages for wrongful eviction, Merwin & Co. Inc. v. Strong, 7 V.I. 282, 429 F.2d 50 (3d Cir. 1970) and in an effort to deter the use of self-help by landlords in this jurisdiction in the future, the court finds an award of punitive damages to be justified under the circumstances of this case. Considering that the leased property involved herein, was at the time the tenant's home, and in light of the fact that the landlord through its agents met with the tenant and negotiated a $226.00 payment from her, only hours before entering her apartment and changing the locks; the court must conclude that Plantation Manor disregarded Barrows' fundamental rights and took the law into its own hands in such a manner as to evince a reckless indifference and disregard for the rights and interests of the defendant. Sweany, supra; Restatement of Torts § 908 (1939), comment b.

Consistent with these findings, the court will award punitive damages in the amount of $100.00 for Plantation Manor's wrongful resort to self-help in attempting to evict hold over tenant Barrows from her dwelling place.

### JUDGMENT

This matter came on for a hearing on July 12, 1978. The plaintiff was represented by counsel, Roger L. Campbell, Esquire. The defendant and counterclaimant Janice Barrows appeared personally and by counsel, George Ethridge, Esquire.

The court having heard the testimony of the parties and being duly satisfied in the premises, it is hereby

ORDERED that plaintiff shall recover the sum of $678.00 from defendant-counterclaimant Barrows and that plaintiff shall refund to Barrows her security deposit in the amount of $119.55; and it is

FURTHER ORDERED that Barrows recover nominal damages on her counterclaim in the amount of $25.00; and it is

FURTHER ORDERED that Barrows recover punitive damages on her counterclaim in the amount of $100.00; and it is

FURTHER ORDERED that each party pay his own costs and attorneys' fee.