**DERRICK BRANDY, ROY ROMNEY and CLYDE RICHARDSON, Plaintiffs**

v.

**FLAMBOYANT INVESTMENT COMPANY, LTD., d/b/a/ FRENCHMAN'S REEF ON THE BAY AND GARY RICE, Defendants**

Civil No. 926/1984

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

September 1, 1989

Desmond L. Maynard, Esq., St. Thomas, V.I., *for plaintiff*

Joel W. Marsh, Esq., St. Thomas, V.I., *for defendant*

HODGE, *Presiding Judge*

## MEMORANDUM ORDER

This matter is before the court on defendant's motion to vacate jury's award of punitive damages and to enter judgment in favor of defendant, pursuant to Rule 59(e), Federal Rules of Civil Procedure. The issue presented is whether a jury can award punitive damages absent a finding of compensatory or nominal damages. For the reasons stated below, the court concludes that where the jurors' intent is clear and the evidence supports their verdict, an award of punitive damages absent a predicate award of compensatory or nominal damages will stand undisturbed.

## FACTS

Plaintiffs sued defendants for false arrest and defamation, following an incident in which defendant Gary Rice, Assistant Manager of defendant Flamboyant Investment Company, who was acting within the scope of his employment, falsely accused plaintiffs of stealing a vacuum cleaner and plaintiffs were subsequently arrested. The action came up for trial by jury November 18–19, 1988. Defendant Rice was found not liable to plaintiffs; however, judgment for each plaintiff in the amount of fifty thousand dollars was awarded against defendant Flamboyant Investment Co. on

December 5, 1988. The jury awarded this amount solely as punitive damages, and no other damage award resulted from the trial.

Defendant Flamboyant Investment Co. now asserts that punitive damages cannot be awarded absent a finding of actual or compensatory damages. Alternatively, absent any liability on the part of defendant Rice, the corporation cannot be held accountable for punitive damages. Plaintiffs rebut by stating that nominal damages must be presumed, and therefore, the court should not interfere with the jury's award. In addition, plaintiffs state that the Flamboyant Investment Company can be held liable because it acknowledged defendant Rice as a managerial agent.

During deliberations of this case, the jury inquired in writing about damages by asking the following question: "Judge Hodge, if we feel that no damage was made, do we indicate an amount or leave it blank?"[1] This question was reviewed with plaintiffs' counsel as to the appropriate response. Defendants' counsel had left the court in violation of the court's order, and could not be located. Plaintiffs' counsel requested a full re-reading of the instructions regarding nominal, compensatory, and punitive damages, but the court did not consider that to be necessary. Instead, Judge Hodge replied to the jury, "Put zero." In defendant's post-verdict challenge regarding damages, the court admitted that although the jurors were instructed as to all three kinds of damages, they may have been misled by his written response to this question.

## DISCUSSION

■ Rule 59, Federal Rules of Civil Procedure, addresses alterations and amendments of judgments. The court has jurisdiction to alter or amend a judgment after its entry (see Notes of Advisory Committee on Rules of Civil Procedure, 1946 Amendments; Boaz v. Mutual Life Ins. Co. of New York, 146 F.2d 321, 322 (C.C.A. 8th 1944)). Because defendant's motion was served within the ten-day limit of Rule 59(e), this court will now address whether punitive damages can be granted when the jury does not award compensatory or nominal damages.

■■ Virgin Islands law does not specifically address this damage aspect. In general, courts limit punitive damage awards to cases in which actual compensatory, or at least nominal, damages are ordered. In fact, an award of nominal damages usually supports

---

[1] Excerpt from November 18, 1988 Transcripts, page 2.

a further award of punitive damages. (Creque v. Cintron, 17 V.I. 69, 75 (Terr. Ct. 1980); Restatement 2d Torts § 908, comment c (1979)). The plaintiff need not suffer harm to recover punitive damages because the prime motivations for this award are public policy and deterrence (St. Thomas House, Inc. v. Barrows, 15 V.I. 435, 443 (1979)). Although a court may presume that nominal damages follow a deprivation of entitled rights even if no actual damages are proven, the trier of fact must base its award on evidence, and the court is not at liberty to speculate on the jurors' intent (Schindel v. Pelican Beach, Inc., 16 V.I. 237, 262 (Terr. Ct. 1980)).

In the instant action, this court cannot ignore the jury's attempt to award plaintiffs for their humiliation and embarrassment. The court may be partially responsible for the jury's confusion when it answered the jurors' note without reiterating the consequences of refusing to award compensatory or nominal damages while awarding punitive damages. Courts have sustained punitive damage awards even when the jury finds no other damages when justice requires it (see e.g. Smith v. Wade, 461 U.S. 30, 45-49 (1983); Sahagian v. Dickey, 827 F.2d 90, 100 (7th Cir. 1987); Clark v. McClurg, 215 Cal. 279, 9 P.2d 505 (1932)). Although most jurisdictions deny punitive damages absent predicating nominal or compensatory awards, they often have access to statutory devices to avoid disrupting the jury awards. Even federal general common law allows punitive damage awards to stand without additional support becuase of the strong policy considerations since other more obvious damages are often not provable or otherwise absent (see 42 U.S.C.A. 1983).

■ The jurors obviously found harm inflicted on plaintiffs, despite their inability to categorize it or they would not have awarded plaintiffs with punitive damages. Nonspecific damages are not easily measurable, but the record clearly reflects plaintiffs' humiliation and embarrassment by police arresting them at their place of employment because of defendants' false accusations. Nominal damages are usually of a trivial sum,[2] and if the jurors fully comprehended the damage instructions, they would never have set up a relief award that could not be realized (see St. Thomas House, Inc. v. Barrows, 15 V.I. 435, 442-43 (Terr. Ct. 1979)).

---

[2] Nominal damages in this jurisdiction usually amount to $1 (see Creque v. Cintron, 17 V.I. 69, 74 (Terr. Ct. 1980)).

Because the jurors' intent is clear in this case, it would be unjust to deprive plaintiffs of their $50,000 awards on a relatively insignificant procedural misunderstanding.

Finally, defendants allege that punitive damages cannot be awarded because defendant Rice, as agent/servant of the corporation, was not liable for false arrest or defamation. Under Restatement 2d Torts § 909:

> [p]unitive damages can properly be awarded against a master or other principal because of an act by an agent if, but only if,
>
> (a) the principal or a managerial agent authorized the doing and the manner of the act, or
>
> (b) the agent was unfit and the principal or a managerial agent was reckless in employing or retaining him, or
>
> (c) the agent was employed in a managerial capacity and was acting in the scope of employment, or
>
> (d) the principal or a managerial agent of the principal ratified or approved the act.

In defendant Rice's deposition, he states that his job title was Assistant Manager. When asked about the nature of his duties, he replied, "[t]he general administration of the hotel. I am a direct assistant to the managing director, I also have an oversight responsibility to the security department."[3] Defendant Rice was employed in a managerial position, and was acting within the scope of his employment. Thus, the corporation as his employer can be found liable for punitive damages.

---

[3] See Deposition of Gary Rice, p. 5, July 26, 1988.