Edwin R. HICKS, d/b/a Hicks Construction Company, Appellant,

v.

TOWN OF HUDSON, a Municipal corporation of Fremont County, Wyoming, and United States Fidelity and Guaranty Co., a Maryland corporation, Appellees.

No. 8622.

United States Court of Appeals
Tenth Circuit.

July 18, 1967.

Robert Stanley Lowe, Rawlins, Wyo., for appellant.

Daniel P. Svilar, of Boyer & Svilar, Lander, Wyo., for appellee, Town of Hudson.

Frederick G. Loomis, of Loomis, Lazear, Wilson & Pickett, Cheyenne, Wyo., for appellee, United States Fidelity and Guaranty Co.

Before PHILLIPS, LEWIS and HILL, Circuit Judges.

HILL, Circuit Judge.

Appellee, Town of Hudson, a municipality, brought this action in the state court against appellant Hicks, who did business as Hicks Construction Company, and his surety, United States Fidelity and Guaranty Company, to recover for breach of a construction contract. The case was removed to the United States District Court for the District of Wyoming, trial to the court was had there and appellee-plaintiff prevailed. This appeal on behalf of Hicks followed.

The basic facts are as follows:

The Town of Hudson entered into a contract with Hicks for the construction of a sanitary sewer system and United States Fidelity and Guaranty Company furnished the performance bond. The contract was dated December 20, 1960, and notice to proceed with the contract was formally given by Hudson to Hicks in April, 1961, with May 5 as the commencement date and August 3 as the completion date. On the latter date Hicks had not completed performance. Thereafter, and on May 8, 1962, Hudson and Hicks, with the approval of United States Fidelity and Guaranty Company, entered into an agreement extending the completion date to June 20, 1962, and in consideration of the extension, Hicks agreed to pay Hudson $4,000.00. This extension agreement also reaffirmed the liquidated damage clause of the original contract which was to become operative if the job was not completed by June 20.

Hicks did complete the job on September 29 1962. Shortly after completion certain major defects in the system appeared and it was necessary for Hudson to employ another contractor to repair the defects at a cost of $4,079.00.

The trial court made detailed findings of fact and found appellee-plaintiff entitled to a judgment against Hicks covering the following items:

(1) $4,000.00, the amount Hicks agreed to pay under the extension agreement of May 8, 1962, and was still owing.

(2) $5,000.00 for liquidated damages because of the delay by Hicks in completing the project. This item was provided for in both the original contract and the extension agreement. The delay

was from June 20, 1962, until and including September 29, 1962, a period of one hundred days. This portion of the judgment was computed at $50.00 for each day of delay as the agreement provided.

(3) $4,079.00, the amount of money the town was compelled to pay another contractor to do repair and replacement work on the sewer system because of faulty and defective workmanship by Hicks.

(4) $821.89, the total amount paid by the town to creditors of Hicks, all of whom had furnished material or services going into the construction project and had not been paid by Hicks.

The aggregate amount of these items is $13,900.89. The court found that the town had retained $8,742.59, of the amount due Hicks under the contract, gave Hicks credit for that amount upon what he owed the town and entered judgment in favor of the town and against Hicks and his surety, United States Fidelity and Guaranty Company in the amount of $5,158.80.

The court found against Hicks upon his counterclaim against the town and upon his cross-claim against United States Fidelity and Guaranty Company. The surety had a cross-claim against Hicks by reason of having had to pay a prior judgment against it and Hicks in favor of a materialman for the project. The court entered a judgment in favor of United States Fidelity and Guaranty Company against Hicks on this cross-claim in the sum of $1,118.29. Thereafter, by an amended final judgment, the court granted an additional judgment in favor of United States Fidelity and Guaranty Company, on its cross-claim against Hicks in any amount paid by it upon the judgment rendered in the case in favor of the town and against Hicks and United States Fidelity and Guaranty Company. Immediately after the entering of this judgment United States Fidelity and Guaranty Company paid the full amount of the judgment the town had obtained, thus, the amended judgment in favor of United States Fidelity and Guaranty Company and against Hicks covers this item.

The appeal is by Hicks from these adverse judgments.

It should be noted that this appeal presents primarily factual controversies between the parties as to the contentions made by appellant. These factual controversies have been resolved by the trial judge in favor of appellee and against appellant. Under such a setting, we are bound by certain well defined legal principles. Rule 52(a), F.R.Civ.P. provides in part, "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

Appellant urges error by the trial court in that part of the judgment covering the cost to the town for repairs and replacements to the sewer system. It seems significant that appellant, in his brief, does not question the necessity for such repairs and replacements, which arose because of his defective workmanship. Rather, he resorts to technicalities as his defense, which the trial court did not accept, and we agree with the trial judge.

Hicks cites a Wyoming statute,[1] which requires incorporated towns to advertise " * * * in a newspaper printed and published in such city or town * * *" for bids on all public improvement contracts exceeding $1,000.-00. It is undisputed that there is no newspaper published in the Town of Hudson, so this requirement cannot possibly apply in this case. For this reason, the cases cited by appellant on this point are simply not applicable. Appellant, on this same portion of the judgment, points to discrepancies in various figures used in arriving at the cost to the city of these repairs and replacements. Suffice it to say, we have carefully read the whole record and there is ample evidence to support the finding of the trial judge as to the correctness of this item, there-

---

1. Section 15–20, Wyoming Statutes, 1957.

fore, we are bound to accept the $4,079.00 computation.

■ Appellant next attacks the part of the judgment covering liquidated damages, contending they are, in fact, penalties and are not allowable as liquidated damages. We recognize that the law frowns upon penalties assessed because of breach of contract.[2] The facts here present a situation which is a recognized exception to the general rule. This was a construction contract and it would be impossible to determine, with certainty, the damages that would flow from a breach of the contract by the contractor. This is a typical case where the law approves prior agreement between the contracting parties as to damages recoverable in case of a breach.[3] The original contract provided for liquidated damages in amount of $50.00 per day in event of a breach by the contractor; the extension agreement of May 23 specifically referred back to the provision in the original contract concerning liquidated damages;[4] and, this latter agreement also redetermined the damages for the then existing breach to be $4,000.00, which amount appellant apparently does not now question. The evidence contained in the record before us shows many items of damage suffered by the town and its inhabitants because of the contractor's breach. We will not prolong this opinion by attempting to enumerate all of such items, but, the more important ones are: Failure of the contractor to properly backfill and grade after the excavations for the sewer lines were made; failure of Hicks to replace culverts removed for excavation and to clean out the irrigation ditches in the town after dirt was put into them during the excavation; because of poor workmanship in the construction of the sewer lines, dirt and other foreign particles entered the system causing probable damage to the motors and pumps; and, the failure of the contractor to pay his project bills subjected the town to litigation expenses. These items and the others not enumerated but shown by the evidence clearly demonstrate that the liquidated damages allowed by the trial court were in lieu of actual damages suffered by the town and its inhabitants because of the default of the contractor. We do not consider this part of the judgment as a penalty.

■ Appellant next contends he should have been allowed recovery on his counterclaim against the town. This contention takes us again to a consideration of the findings by the trial judge. On this point he found, "There is no evidence in support of the counterclaim of Hicks against the plaintiff." The argument made in support of this point is largely factual. It may be conceded that the evidence adduced was conflicting on some of appellant's factual contentions. Apparently, the trial judge chose to accept the evidence adduced on behalf of the town and rejected appellant's evidence, which he had a right to do. In this appeal we must accept the findings of fact of the trial judge if they have evidentiary support.[5] The record does support the findings on this point and in all other respects, therefore, we are bound by them.

■ Appellant also urges error in granting United States Fidelity and Guaranty Company's motion to amend the original judgment entered. The procedural facts disclose that United States Fidelity and Guaranty Company, one of the defendants, answered the amended

2. Ray v. Electrical Products Consolidated, Wyo., 390 P.2d 607; National Co-op. Refinery Association v. Northern Ordinance, Inc., 10 Cir., 238 F.2d 803; Broderick Wood Products Co. v. United States, 10 Cir., 195 F.2d 433; Larabee Flour Mills Co. v. Carignano, 10 Cir., 49 F.2d 151.

3. See Ray v. Electrical Products Consolidated, supra; National Co-op. Refinery Association v. Northern Ordinance, Inc., supra; Consolidated Flour Mills Co. v. File Bros. Wholesale Co., 10 Cir., 110 F.2d 926.

4. "In the event the Hudson Sewer Job is not completed on or before June 20, 1962, the liquidated damage clause of the contract will again become operative."

5. Rule 52(a), F.R.Civ.P.

complaint of the town and, in part, sought to recover from Hicks, as a cross-claim, the sum of $1,018.29, which it had paid on a judgment against it and Hicks in another action and to also have judgment against Hicks in the amount of any judgment rendered against it in this action by reason of the contract bond furnished for this project by Hicks which was signed by United States Fidelity and Guaranty Company. The original judgment entered in this case did not give consideration to the second of these claims of United States Fidelity and Guaranty Company against Hicks, and the motion to amend the original judgment in substance asked the court, as a matter of law and upon the evidence in the case and the findings and conclusions entered, to grant United States Fidelity and Guaranty Company the requested relief. This is exactly what the trial court did.

 Appellant argues that the amended judgment was not legally sufficient because the trial judge did not make findings of fact on the amended portion of the judgment as provided for in Rule 52(b), F.R.Civ.P. The plain answer to that argument is that the court had previously made findings of fact and conclusions covering the issues presented by the pleadings. We have carefully reviewed those findings and they are sufficient to support the amended judgment factually. The amended final judgment in the amount of $5,158.80 in favor of United States Fidelity and Guaranty Company and against the appellant is bottomed upon two of the undisputed instruments before the court as exhibits, the Contract Bond Application and the General Indemnity Agreement.

Under this point appellant also complains about the trial court's failure to grant its prayed for affirmative relief against the surety. In this connection the trial judge found, "There is no evidence in support of the cross-claim of Hicks against United States Fidelity and Guaranty Company." We have considered all of appellant's evidence going to this issue and we cannot disagree with the trial judge and we conclude that such evidence falls far short of proving a constructive fraud case.

Appellant makes additional arguments here; we have given consideration to them and find them likewise without substance.

Affirmed.