**LAWRENCE A. CREQUE, JR., Plaintiff**

v.

**HECTOR CINTRON, JR., Defendant**

Civil No. 377/1979

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

May 16, 1980

PETER MARTIN, ESQ. (DUDLEY, MARTIN & DUDLEY), St. Thomas, V.I., *for plaintiff*

ALBERT SHEEN, ESQ. (HODGE & SHEEN), St. Croix, V.I., *for defendant*

HODGE, *Presiding Judge*

## MEMORANDUM OPINION

### I. INTRODUCTION

In this action for damages the jury returned a verdict in favor of plaintiff and awarded him $1,000 in nominal damages and $7,500 in punitive damages. Judgment was entered accordingly. Defendant has now moved for judgment notwithstanding the verdict (j.n.o.v.), for amendment or alteration (modification) of the judgment, or alternatively, for a new trial or remittitur.

For the reasons stated below, defendant's motion for j.n.o.v. will be denied; his motion for modification will be denied as to punitive damages, but will be granted as to nominal damages by reducing that award from $1,000 to $1; and his motion for a new trial as to nominal damages will be denied unconditionally, but as to punitive damages will be denied on the condition that plaintiff file a remittitur of $5,000, thereby reducing his award by that amount.

### II. MOTION FOR J.N.O.V.

 The question presented by this motion is whether the evidence was sufficient to support the verdict of the jury. In resolving this question, the court must (1) view the evidence in the light most favorable to the prevailing party, (2) assume that all conflicts in the evidence were resolved in favor of the prevailing party, (3) assume

as proved all facts which the prevailing party's evidence tends to prove and (4) give the prevailing party the benefit of all favorable inferences which may reasonably be drawn from the facts proved. 9 C. Wright and A. Miller, Federal Practice & Procedure: Civil § 2524 (1971); E. H. Boerth Co. v. Lad Properties, 82 F.R.D. 635 (Minn. 1979). In so doing, this court is convinced that there is sufficient and substantial evidence to support the verdict of the jury as to the liability of the defendant. There is no dispute in this case that the defendant, a Senator of the Legislature of the Virgin Islands, slapped the plaintiff across the face in public view of numerous travelers, and not in self-defense. Defendant's claim of provocation by plaintiff, an employee of Antilles Airboats at its St. Thomas terminal, cannot absolve liability, but can only mitigate damages. Whether those damages are large or small and whether they are nominal, compensatory or punitive, the undisputed assault and battery committed by defendant, which he admitted, unquestionably establishes his liability, and that liability is the basis for the judgment against the defendant.

Accordingly, defendant's motion for judgment notwithstanding the verdict will be denied.

## III. MOTION FOR MODIFICATION

Defendant contends that the court should substantially modify both the nominal and punitive awards pursuant to Rule 59(e) of the Federal Rules of Civil Procedure by altering or amending the judgment. He suggests that the nominal damages award of $1,000 be trimmed to $1 and that the punitive damages award of $7,500 be reduced to $1,000. Plaintiff, in opposing the motion, urges the court to amend the judgment by simply relabelling the nominal damages as "compensatory damages" in order to justify the award of nominal damages in such a large sum. Plaintiff also contends that the punitive damages award is clearly warranted under the circumstances of this case.

A court may not grant relief under Rule 59(e) if to do so would defeat a party's right to jury trial on an issue, or if it would serve no useful purpose. 11 C. Wright and A. Miller, Federal Practice & Procedure: Civil § 2817 (1973). However, a motion to amend a judgment is appropriate if the court in the original judgment has failed to give relief on a claim on which it has found that the party is entitled to relief. Id.; Hicks v. Town of Hudson, 390 F.2d 84 (10th Cir. 1967). Moreover, where a judgment is wrong as a matter of law, the court is empowered to correct any such error that comes to

its attention, whether raised by motion or sua sponte, and to alter, amend, correct, or modify the judgment accordingly. Continental Cas. Co. v. American Fidelity & Cas. Co., 186 F. Supp. 173 (D. Ill. 1979).

■ With respect to the award of nominal damages, the law in this jurisdiction is clear. Such awards are limited to one dollar ($1) within the Third Circuit. U.S. ex. rel. Tyrrell v. Speaker, 535 F.2d 823 (3d Cir. 1976). The court in Tyrrell also cited with approval Maynett v. Pelletier, 488 F.2d 33 (1st Cir. 1974), which established the same rule within the First Circuit. In both cases awards of $500 were reduced to $1, which was held to be the legal limit for nominal damages. See also, Mayberry v. Robinson, 427 F.Supp. 297 (D. Pa. 1977). Accordingly, as a matter of law, nominal damages cannot exceed one dollar.

■■ Plaintiff's request to treat nominal damages as compensatory damages must be denied because neither the evidence nor the law supports such a change in classification. To authorize a recovery of more than nominal damages, facts must exist which afford a basis for measuring the plaintiff's loss with reasonable certainty, and the evidence must be sufficient for a jury to find the amount of loss by reasonable inferences from the facts established, not by conjecture, speculation or surmise. See generally, 22 Am.Jur.2d Damages § 5 (1965). Here the jury was instructed as to the meaning of nominal, compensatory and punitive damages and no objection was made by either party. It was made clear that nominal damages constitute a small or trivial amount of money awarded to a litigant who has established a cause of action, but has not proven that he is entitled to compensatory damages. Before arriving at its verdict, the jurors requested clarification regarding the distinction between nominal and compensatory damages, after which they unequivocally indicated their understanding of the difference in open court. Again, no objection was made by either party to the clarifying instructions. Under these circumstances the court concludes that the jury determined that the plaintiff did not establish his entitlement to compensatory damages, thereby triggering the award of nominal damages. Moreover, the references during the trial to plaintiff's $50,000 filed in this court and his earlier claim for $75,000 filed in the district court, all relating to this case, could have led the jury to conclude that the $1,000 award was a "small" sum. Consequently, the nominal damages award must be reduced to one dollar, as a matter of law, and the judgment will therefore be modified to that extent pursuant to Rule 59(e).

■■■ With respect to the award of punitive damages, similar relief cannot be granted pursuant to Rule 59(e). In the absence of any of the specific circumstances to which Rule 59(e) applies, any question regarding the size of the verdict or the weight of the evidence should be directed to the relief provisions of Rule 59(a) which state the grounds for a new trial. Since defendant's motion for modification of the punitive damages award does not fall within any of the applicable circumstances of Rule 59(e), it will be denied; however, his contentions will be addressed in Part IV of this opinion.

## IV. MOTION FOR NEW TRIAL OR REMITTITUR

As an alternative to his motions for j.n.o.v. and for modification of the judgment, the defendant has moved for a new trial or remittitur with respect to both the nominal and punitive damages. Since his motion for modification will be granted as to nominal damages, his alternative motion for a new trial as to those damages need not be addressed, except to state that the granting of a new trial on the issue of nominal damages would serve no useful purpose because of the one-dollar limitation discussed above. However, with respect to the issue of punitive damages this motion is clearly appropriate.

■■■ As a general rule, any award of nominal damages in the Virgin Islands is sufficient to support a further award of punitive damages. Restatement (Second) Torts, § 908, Comment c (1979); see Nader v. Allegheny Airlines, Inc., 365 F.Supp. 128 (D.D.C. 1973); rev'd on other grounds, 512 F.2d 527 (D.C. Cir. 1975); rev'd on other grounds, 426 U.S. 290 (1976). However, the jury cannot make such a discretionary award where it does not find malice or wanton indifference to the rights of others. Restatement (Second) Torts, § 908, Comment d (1979). Where such malice is found, punitive damages may be awarded to punish the wrongdoer and to discourage similar misconduct in the future; nevertheless, the amount of the award must bear some reasonable relationship to the degree of maliciousness of the wrongdoer's actual behavior and to the ability of the wrongdoer to pay. See Herman v. Hess Oil, 10 V.I. 521 (D.V.I. 1974); aff'd, 12 V.I. 240 (3d Cir. 1975).

### A. Punitive Damages—Entitlement

Defendant contends that no punitive damages should have been awarded because he did not act with malice nor with wanton indifference to the rights of the plaintiff. He also argues that plaintiff is not entitled to punitive damages because his insulting statements and unwarranted interference constitute provocation. I disagree.

■■■ As stated above, defendant publicly committed an assault and battery upon plaintiff at the airboat terminal in full view of many inter-island customers. Moreover, the assault was committed long after the alleged provocative words were uttered by plaintiff, and at a time when defendant was about to board the airboat for his long-awaited departure. Under these circumstances, the court must view the jury's award of punitive damages as a finding that the defendant's conduct was malicious. Such a determination cannot be declared erroneous where, as here, the record is sufficient to support the imposition of punitive damages. Indeed, under Virgin Islands law mere words, however abusive or insulting, do not justify an assault and battery. 14 V.I.C. § 294. Thus, the jury did not abuse its authority in punishing the defendant for his misconduct.

### B. Punitive Damages—Excessiveness

Defendant further contends that the punitive damages award of $7,500 is excessive because it bears no reasonable relationship either to the degree of his misconduct or to his net worth. He therefore argues that a new trial or a remittitur should be ordered with respect to punitive damages. I agree.

■■■ Unlike a motion for j.n.o.v., which raises questions as to the legal sufficiency of the evidence, a motion for a new trial or remittitur is addressed to the sound discretion of the trial court. In addition, the trial judge is not required to view the evidence in the light most favorable to the non-moving party, and may consider the weight of the evidence as well as the credibility of the witnesses. 11 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 2806 (1973); Sanden v. Mayo Clinic, 495 F.2d 221 (8th Cir. 1974). However, a motion for a new trial or remittitur should not be granted unless the trial court is convinced, after reviewing all the evidence and giving full respect to the jury's findings, that a mistake has been made. Lind v. Schenley Industries, Inc., 278 F.2d 79 (3d Cir. 1960). Moreover, where the court determines that the amount of the award is excessive, it is the duty of the trial judge to require a new trial or a remittitur. Linn v. United Plant Guard Workers of America, Local 114, 383 U.S. 53 (1966). In making this determination the court may consider the act, the total circumstances, the relationship between the parties, the financial status of the defendant, provocation, and the extent of harm to the injured party. Restatement (Second) Torts, § 908, Comment c (1979); Herman v. Hess Oil, supra. After reviewing the evidence in accordance with

76

the legal standards cited above, I find the award of punitive damages in the sum of $7,500 to be excessive.

 The record is clear that the plaintiff contributed to the incident by his belligerent attitude toward the defendant and by his deliberate interference in the processing of the defendant's boarding pass after it had been cleared by another airline employee, and after the defendant had waited many hours for his departure. As an employee of a public utility with direct contact with inter-island passengers, plaintiff is expected to be tolerant of irate customers and to avoid provocative conduct toward its patrons. Restatement (Second) Torts, § 48 (1965). Plaintiff's conduct under the circumstances of this case clearly constituted provocation which ultimately resulted in the defendant's misconduct. This misconduct was limited to one slap across plaintiff's face, and while this assault and battery cannot be condoned, it is significant because no actual harm or injury was sustained by the plaintiff, who soon thereafter secured the services of a lawyer, instead of a doctor, thereby inferring that there was no need for medical assistance or treatment. Indeed, plaintiff could prove no medical expenses nor other actual damages. Although injury to one's feelings and mental suffering from embarrassment may be considered in allowing punitive damages, under all the circumstances herein the defendant's misconduct was not so outrageous as to amount to that degree of maliciousness that would warrant the imposition of $7,500 in punitive damages. Thus, this award is patently unjustified and excessive.

 Moreover, this award also is excessive because the plaintiff failed to establish defendant's ability to pay that amount of punitive damages. In determining defendant's ability to pay, the valuation of his assets is critical. No such valuation was established by plaintiff as to the three parcels of real estate owned by the defendant, and neither the jury nor the court should speculate as to their value, especially where, as here, a question was raised as to whether the named owners were in fact the defendant. Much is made by plaintiff, on the one hand, about defendant's income of $25,000 per annum, and by the defendant, on the other, about his monthly expenses, which he claims leaves him with only pocket cash. However, a party's net worth is not determined by comparing his income and expenses. Instead, it is determined by computing the value of his assets and deducting his total liabilities. The difference between his assets and his liabilities is his net worth, Black's Law Dictionary 1192 (4th ed. 1968), and it is from a party's net worth that his ability

to pay is determined. Here, no asset values nor liability totals have been proven by the plaintiff, except that defendant's deposition established that he has one liability of $20,000 for a retirement loan and another of $2,300 for an income tax debt. Thus, in the absence of proof of the value of defendant's assets, the award of punitive damages could only have been based upon speculation or upon passion or prejudice, and neither is a permissible basis for such an award. In either event, however, his ability to pay such a large sum has not been established, thereby creating the possibility that the award could result in the severe economic castigation or bankruptcy of the defendant. Such a possibility is clearly an improper objective of punitive damages. I therefore conclude that the defendant is entitled to a new trial on the issue of punitive damages, but in the interest of judicial economy and as a remedy to the excessiveness of the award, a remittitur will be proposed in lieu of a new trial.

■ After reviewing numerous cases involving the question of excessive punitive awards, see e.g., Herman v. Hess, supra; Hash v. Hogan, 453 P.2d 468 (Alas. 1969); Jones v. Fisher, 166 N.W.2d 195 (Wis. 1969); Finney v. Lockhart, 217 P.2d 19 (Cal. 1950), and taking into account current inflationary realities, it is my opinion that $2,500 in punitive damages is a more reasonable and adequate award, and that the excess of $5,000 should be remitted by the plaintiff.[1] Since one of the purposes of punitive damages is to deter future wrongdoing by the defendant and others by setting an example for the benefit of the public, I am convinced that this purpose will be achieved by the inevitable echo of this case which will be heard throughout this jurisdiction and will remind us all that a slap across the face of an adversary may cost $2,500 each. In my view of the total circumstances of this case, this sum is neither frivolous nor oppressive for the purposes intended.

Accordingly, defendant's motion for a new trial as to punitive damages will be denied on the condition that plaintiff file a remittitur in the sum of $5,000, thereby effectively reducing the punitive damage award from $7,500 to $2,500. This remittitur should be filed within twenty days of the date of the order herein. If plaintiff fails to accede in a timely manner to this remittitur, a new trial will be ordered on the issue of punitive damages.

---

[1] Defendant's ability to pay the $2,500 is established by his motion-offer to pay $1,000 and its logical inference that this offer is exceeded by his ability to pay, although not beyond the reasonable extent of this reduced sum.

## V. CONCLUSION

Based on the foregoing, defendant's motion for j.n.o.v. will be denied; his motion for modification of the judgment will be denied as to punitive damages but will be granted as to nominal damages by reducing that award from $1,000 to $1; and his motion for a new trial or remittitur as to nominal damages will be denied unconditionally, but as to punitive damages will be denied on the condition that plaintiff file with the Clerk's office a remittitur in the sum of $5,000 within twenty days of the date of the order to be entered herein.

## ORDER

In accordance with the Memorandum Opinion filed herein, it is hereby,

ORDERED that the motion by defendant for judgment notwithstanding the verdict is hereby DENIED; and it is,

FURTHER ORDERED that the motion by defendant for modification of the judgment is DENIED as to punitive damages, but is GRANTED as to nominal damages, which is hereby reduced from ONE THOUSAND DOLLARS ($1,000) to ONE DOLLAR ($1), and it is,

FURTHER ORDERED that the motion by defendant for a new trial or remittitur as to nominal damages is DENIED unconditionally, and as to punitive damages is DENIED on the condition that plaintiff file with the Clerk's Office a remittitur in the sum of FIVE THOUSAND DOLLARS ($5,000) within twenty days of the date of this order.