

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-20-2003

# Willow Inn Inc v. Public Service Mutl

Precedential or Non-Precedential: Non-Precedential

Docket 02-2145

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Willow Inn Inc v. Public Service Mutl" (2003). *2003 Decisions.* Paper 548.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/548

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 02-2145

_____

WILLOW INN, INC.,
A Pennsylvania Corporation

v.

PUBLIC SERVICE MUTUAL INSURANCE COMPANY,
A New York Corporation
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania

District Court Judge: The Honorable Berle M. Schiller
(D.C. Civil No. 00-cv-05481)

_____

Argued on April 10, 2003

Before: ALITO, FUENTES, Circuit Judges, and PISANO* District Judge

(Opinion Filed: May 20, 2003)

_____
        *Honorable Joel A. Pisano, United States District Judge for the District of New
Jersey, sitting by designation.

Edward M. Koch [Argued]
Louis J. Brown
White and Williams LLP
One Liberty Place
Suite 1800
Philadelphia, PA 19103

*Counsel for Appellant*

Howard G. Silverman [Argued]
Kane & Silverman, P.C.
2401 Pennsylvania Avenue
Suite 1C-44, The Philadelphian
Philadelphia, PA 19130

*Counsel for Appellee*

OPINION OF THE COURT

PER CURIAM:

Willow Inn, Inc. ("Willow Inn"), a restaurant, bar, and residence in Willow Grove, Pennsylvania and an insured of Public Service Mutual Insurance Company ("PSM") at all relevant times, commenced this breach of contract and bad faith action, 42 Pa. Cons. Stat. § 8371 (2001), to challenge PSM's adjustment of its property damage claim arising from a windstorm on June 1, 1998. After a two day bench trial, the District Court found PSM liable to Willow Inn for breach of contract and bad faith, and awarded $2,000 in compensatory damages and $150,000 in punitive damages. The District Court granted

2

Willow Inn's post-trial motion for attorney's fees and costs, but denied all other post-trial motions. PSM then filed this appeal.[1]

On appeal, PSM raises four issues: (1) Did the District Court err in finding that PSM breached the contract of insurance between Willow Inn and PSM?; (2) Did the District Court err in finding that PSM acted in bad faith under the Pennsylvania Bad Faith Statute?; (3) Is the District Court's punitive damages award in the amount of $150,000 constitutionally excessive?; and (4) Did the District Court abuse its discretion in awarding attorney's fees and costs? This Court granted oral argument, but, after notice to the parties, limited the argument to the punitive damages issue.

Only days before oral argument was held in this matter, the United States Supreme Court filed an opinion in *State Farm Mutual Automobile Insurance Company v. Campbell*, ___ U.S. _____, 2003 WL 1791206, *1 (April 7, 2003), in which the Court, reinforcing the particular guideposts it enunciated in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), articulated the principles that courts shall strictly apply before imposing upon a defendant in a civil case a punitive damages award. In short, the three guideposts are: (1) "the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive

---

[1] Although Willow Inn attempted to untimely file a cross-appeal, it ultimately withdrew it after the District Court denied a motion to extend time to file a notice of appeal under Rule 4(a)(5)(A)(i) of the Federal Rules of Appellate Procedure and after this Court requested briefs on the issue of timeliness.

damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *Campbell*, ____ U.S. at ____, 2003 WL 1791206, at *7 (citation omitted). The District Court's written memorandum opinion, however, does not explicitly apply the *Gore/Campbell* guideposts, and simply concludes that a $150,000 punitive damages award is appropriate "[b]ased on the evidence presented at trial and in light of the aforementioned factors [,"the character of a defendant's conduct, the nature and extent of the harm intended or caused to the plaintiff, and the wealth of the defendant]. While our review is de novo in determining whether sufficient evidence in the record exists to support a punitive damages award, *Alexander v. Riga*, 208 F.3d 419, 430 (3d Cir. 2000) (citation omitted), we recognize nevertheless that the District Court is in the best position to first determine whether to allow a punitive damages award, and, if so, the quantum of those damages. To be sure, the District Judge presided over a two day bench trial, observed the demeanor of witnesses, listened to witness testimony, and gained an overall sense of the case.

Because the District Court did not have the benefit of the *Campbell* decision when it imposed upon PSM a punitive damages award, *see, e.g.*, *Casey v. Planned Parenthood of Southeastern Pennsylvania*, 14 F.3d 848, 856-57 (3d Cir. 1994) (discussing generally the mandate rule and the Supreme Court's mandate to lower courts), we vacate the District Court's Memorandum and Order filed January 4, 2002 and remand to the District Court for a determination on the punitive damages issue in accordance with the Supreme

4

Court's dictates in *Gore/Campbell*. On all remaining issues, we affirm without further discussion.

Accordingly, for the reasons stated above, we affirm in part and reverse in part the judgment of the District Court.