**KELLY WILLIAMS, Plaintiff**
v.
**TUTU PARK LIMITED and JUNIE CHARLESWELL, Defendants**
**WILLIAMS v. TUTU PARK LTD.**
Civ. No. 1999-138

District Court of the Virgin Islands

Division of St. Thomas and St. John

May 11, 2005

*For the plaintiff:* LEE ROHN, ESQ., St. Croix, U.S.V.I.

*For the defendants:* GARRY GARTEN, ESQ., St. Thomas, U.S.V.I.

GOMEZ, *District Judge*

## MEMORANDUM OPINION

(May 11, 2005)

Before the Court is the motion of defendants Tutu Park Limited and Junie Charleswell to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The defendants assert that the plaintiff Kelly Williams ["Williams"] fails to satisfy the federal jurisdictional prerequisite which requires that the amount in controversy exceed $75,000. Because the record is devoid of any evidence that the amount in controversy exceeds $75,000, the motion will be granted.

## I. FACTUAL BACKGROUND

On June 19, 1997, Williams and two other individuals threatened a juvenile with a knife at the Tutu Park Mall. The victim informed Tutu Park Mall Security Officers Jodeen Dawson and Defendant Junie Charleswell about the threat. (Defendants' Motion to Dismiss ["Defs. Mot. to Dis."], Ex. A.) Officers Dawson and Charleswell, along with two housing police officers, approached Williams and two other individuals and asked them to turn over the weapon. They refused and were uncooperative. *Id.*

Officers Dawson and Charleswell and the police officers escorted the suspects to an interview room where they conducted a search to locate the concealed weapon. The officers ultimately discovered the concealed knife in one of the individual's socks. *Id.*

William's complaint alleges that Officer Charleswell and Tutu Park Mall acted improperly by stopping, searching, and retrieving the knife. Williams contends he was screamed at, threatened, slapped, and ordered to remove parts of his layers of clothing during the search. (Compl. at ¶¶ 7-8.) He alleges physical injuries, medical expenses, loss of capacity to earn income, mental anguish, pain and suffering, and loss of enjoyment of life. (Compl. at ¶¶ 11-12.)

On March 2, 2000, nearly three years after the incident, Williams stated he had no invoices, bills', or writings prepared by any medical personnel pertaining to the incident and no invoices or bills related to the damages alleged in the complaint. (Plaintiffs' Response to Requests for Production ["Pl. Resp. to Req. Prod."] at Nos. 11-12, 16.) On January 24, 2002, counsel for the plaintiff notified defense counsel that Williams had recently sought treatment from a psychiatrist, allegedly for the injuries at issue in this case. (Defs. Mot. to Dis., Ex. H.) Although the defendants requested the bill from this psychiatrist, they were informed that there were no such records regarding Williams because the doctor only met with him for a single preliminary meeting. (Defs. Mot. to Dis., Ex. I.)

## II. ANALYSIS

Williams claims that this Court has subject matter jurisdiction pursuant to United States Code tit. 28, § 1332(a) because the parties are diverse and the amount in controversy exceeds $75,000. The United States Court of Appeals for the Third Circuit has noted that

> this provision must be narrowly construed so as not to frustrate the congressional purpose behind it: to keep the diversity caseload of the federal courts under some modicum of control. The person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation.

*Packard v. Provident Nat'l Bank,* 994 F.2d 1039, 1044-1045 (3d Cir. 1993) (internal citations omitted).

In general, this Court, like other federal trial courts, accepts litigants' allegations concerning the amount in controversy and is

reluctant to delve into the details behind that amount. Upon challenge, however, the party that invokes federal jurisdiction bears the burden of demonstrating that the requisite amount in controversy existed at the time the action commenced. *See Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995) (noting that upon challenge, the plaintiff bears the burden of demonstrating the requisite amount in controversy existed at the time of the filing of complaint); *Sunnyrock Bldg. & Design Co. v. Gentile*, 2000 U.S. Dist. LEXIS 10341 (D.V.I. 2000) (dismissing complaint under F.R.C.P. 12(b)(1) for failure to meet jurisdictional amount in question).

■ Under Federal Rule of Civil Procedure 12(b)(1), the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). If it appears from the pleadings or other evidence to a "legal certainty that the claim is really for less" than that required for diversity jurisdiction, and the plaintiff cannot refute the evidence, the federal suit should be dismissed.[1] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 82 L. Ed. 845, 58 S. Ct. 586 (1938); *Nelson v. Keefer*, 451 F.2d 289 (3d Cir. 1971).

■ The jurisdictional amount in controversy can be satisfied if the amount of damages exceeds $75,000. Even so, the United States Court of Appeals for the Third Circuit has specifically held that a plaintiff cannot reach the jurisdictional requirement simply by inflating the compensatory damages in a personal injury case. In *Nelson v. Keefer*, 451 F.2d 289 (3d Cir. 1971), the court specifically examined the question of the relationship of personal injury claims to diversity actions. The appellate court recognized the trial court's power to evaluate a case prior to trial where, as here, "sufficient information has been made available through pre-trial discovery and comprehensive pre-trial narrative statements which disclose medical reports." *Id.* at 295. Given that information, the Court of Appeals noted that the district judge

> should be able to determine ... the upper limit of a permissible award that includes tangible recoverable items such as medical,

---

[1] The court may consider evidence beyond the pleadings without treating the motion as one for summary judgment because its decision does not operate as a determination on the merits. *See Boyle v. Governor's Veterans Outreach & Assistance Ctr.*, 925 F.2d 71, 74-75 (3d Cir. 1991).

special and lost wages damage items as well as the intangibles of pain, suffering, and inconvenience. If this upper limit does not bear a reasonable relation to the minimum jurisdictional floor, ... we perceive no legal obstacle to a pre-trial determination that a personal injury action does not satisfy federal jurisdictional requirements.

*Id.* at 295. *See also Heisman v. Giordano*, 343 F. Supp. 1258 (E.D. Pa. 1972) (dismissing a case under F.R.C.P. 12(b)(1) where the plaintiff's medical bills amounted to less than $100 and where the plaintiff did not seek treatment for injuries until seven days after accident and no future medical bills or loss of earnings were involved).

■ Consistent with the applicable case law, the plaintiff may rely on his compensatory damages, including lost wages, pain and suffering, and medical expenses, to satisfy his jurisdictional amount. Williams, however, has not demonstrated that such compensatory damages even approach the requisite $75,000 threshold. Indeed, although the incident occurred six years ago, Williams admits there are no hospital bills, medical bills, or medical invoices relating to the incident in the complaint. (Pl. Resp. to Req. Prod, at Nos. 11-12, 16.) The only specific that Williams has produced is the name of a psychiatrist who did not even maintain a record on Williams and who he first consulted nearly five years after the incident. (Defs. Mot. to Dismiss, Ex. H.)

■ With respect to alleged earning capacity, Williams admitted he was a juvenile at the time of the incident and a full-time student with a job thereafter. (Plaintiff's Response to Interrogatory No. 1.) As such, Williams has not demonstrated any lost wages. He also has not demonstrated any future lost wages.

In *Creque v. Cintron*, 17 V.I. 69, 74-75 (Terr. Ct. 1980), the plaintiff's allegations were remarkably similar to the allegations before this Court. In that case, the plaintiff was slapped in the face in front of numerous people in a public place. The plaintiff, like Williams, had no significant demonstrable damages. That court made it clear that the plaintiff would be entitled only to nominal damages if there was liability. *Id.* at 74. The court further noted the law of the jurisdiction mandated that nominal damages are limited to one dollar. *Id.* at 75. Williams similarly seems challenged to demonstrate damages, even assuming liability on the part of the defendants. Thus, without reaching the issue of whether Williams is only entitled to nominal damages, it is clear to the Court that Williams

has been unable to allege sufficient facts to satisfy his jurisdictional requirement based on compensatory damages.[2]

■ Because Williams has failed entirely to show compensatory damages of any kind or in any amount, his claim can only survive if he can demonstrate punitive damages. Of course, under such circumstances where it appears that a punitive damages claim comprises the bulk of the amount in controversy and may be the sole basis for asserting federal jurisdiction, that claim should be given particularly close scrutiny. *See Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 222-23 (3d Cir. 1999); *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993). Indeed, the Supreme Court has recently placed limitations on the availability of punitive damages and held that punitive damages of more than nine times the amount of compensatory damages will nearly always violate due process. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 155 L. Ed. 2d 585, 123 S. Ct. 1513 (2003); *see also Willow Inn, Inc. v. Pub. Serv. Mut. Ins. Co.*, 66 Fed. Appx. 398 (3d Cir. 2003) (noting the limitations imposed on punitive damages imposed by *State Farm*). The Supreme Court made clear that where punitive damages were awarded in a ratio of 145 to 1, such an award would not be permissible. *State Farm*, 538 U.S. at 425. Thus, even assuming *arguendo* that Williams is entitled to nominal damages of one dollar, he would have to recover $74,999 in punitive damages, a ratio of approximately 75,000 to 1, to meet the jurisdictional requirement. That approach to federal jurisdiction, however, is something not permitted by law.

The Court is inclined, and mindful of the need, to afford every litigant his day in Court. The Court is also mindful of the amount in controversy prerequisite that limits its jurisdiction. Reconciling these two, sometimes competing, notions unfortunately occasionally precludes a litigant from asserting his claim in federal court. This is precisely the position in which Williams now finds himself. While he has had considerable time

---

[2] Williams's sole argument that he meets the jurisdictional amount is an affidavit of Lee Rohn, his lawyer, who claims that "[b]ased on [her] personal experience, it is likely that a jury would award Plaintiff in excess of $75,000 for the damages he sustained as a result of the extreme and outrageous conduct of Defendants." (Plaintiff's Opposition to Motion to Dismiss for Lack of Subject Matter Jurisdiction, Ex. 1.) This affidavit is insufficient to satisfy the jurisdictional requirement.

to demonstrate that his damages exceeded $75,000, Williams has been unable to do so in a legally sufficient way.[3]

## III. CONCLUSION

For the foregoing reasons, the Court will grant the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

---

[3] The complaint in this case was filed August 17, 1999, more than five years ago. On March 2, 2000, nearly three years after the incident, Williams responded to Defendants' Request for Production of Documents by stating that he had no invoices, bills, or writings prepared by any medical personal pertaining to the incident and that he had no invoices or bills related to the damages alleged in the complaint. (Pl. Resp. to Req. Prod, at Nos. 11-12, 16.) On March 6, 2000, Williams responded to the Defendants' First Set of interrogatories and again provided no evidence of medical costs and could not identify any health care providers with whom he consulted with respect to his alleged injuries. (Pl. Resp. to Interrog. at Nos. 4, 7, 8, 11, 13.) On September 28, 2001, counsel for the defendants requested that Williams supplement his discovery responses, including those related to medical treatment damages and costs. (Defs. Mot. to Dismiss, Ex. D.) Williams failed to respond. On both October 22, 2001 and January 15, 2002, defendants again asked for evidence of plaintiff's claim of damages and supplementation of discovery. (Defs. Mot. to Dismiss, Exs. E and F.) The only supplementation was the limited treatment from the psychiatrist, Dr. Lino M. Lapenna, discussed above. (Defs. Mot. to Dismiss, Ex. H.)